## POLLACK v. DUSSOURD.

### No. 10303.

Circuit Court of Appeals, Sixth Circuit.

Jan. 20, 1947.

As Amended on Denial of Rehearing
Feb. 11, 1947.

970

Jack Glenn Williams, of Cincinnati, Ohio, for appellant.

R. Howard Smith, of Newport, Ky., for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

The appellant, a practicing dentist, was sued for malpractice and the jury rendered a verdict against him. The single question presented here is whether the trial court should have sustained motions for directed verdict made at the close of appellee's evidence and at the conclusion of the testimony.

The appellee employed the appellant to extract twenty-four teeth. The extractions were made on four separate days, with intervals between, and are alleged to have caused serious injuries. Twelve teeth were pulled on the final day.

The sole negligence charged against the appellant was that "the extractions had not been properly made in that two (2) front lower and one (1) right upper of said teeth had been broken, allowing the roots to remain seated within the gums.

"Complainant states that the artificial teeth were fitted on and over the broken natural teeth and the roots which were allowed to remain thereby causing an infection to develop within her mouth, gums and jaw; which became infused with and in the blood stream and circulatory organs of her body spreading poison and other infection. * * *"

■ Under Ohio law, in order to establish malpractice, it must be shown by a preponderance of the evidence that the injury complained of was caused by the doing of some particular thing or things that a physician, surgeon, dentist or other practitioner of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such practitioners would have done under like or similar con-

ditions and circumstances, and that the injury complained of was the direct result of such doing or failing to do some one or more of such particular things. Hier v. Stites, 91 Ohio St. 127, 130, 110 N.E. 252. Cf. Bowers v. Santee, 99 Ohio St. 361, 124 N.E. 238. The ruling in the Hier case was specifically approved in Ault v. Hall, 119 Ohio St. 422, 164 N.E. 518, 60 A.L.R. 128.

The evidence reveals that after the appellant had compl eted the various extractions, the appellee visited his office, complaining of the condition of her mouth. The appellant's assistant made an effort to adjust the false teeth which had been provided after the extractions. After four unsatisfactory visits to the appellant's office, at each of which the assistant ground and endeavored to refit the appellee's false teeth, the appellee consulted another dentist, who took an X-ray of the mouth. This dentist testified that several teeth had been previously extracted and that the roots of some teeth had remained in the upper and lower jaw. He testified that this was not good dental practice, but stated in effect that he could not say that the appellant was responsible for this condition. Appellee's physician, who was called five days after the extraction, testified that appellee was then suffering from a streptococcic or staphylococcic infection of the gums which within ten days developed into hypostatic pneumonia; that the appellee was in bed five weeks, suffered great pain, and as a result of the infection had incurred a permanent nervous injury.

It was therefore established that the appellee, after the extractions, had a swollen condition of the gums, with a sloughing and discharge, and that a serious infection existed which a physician testified caused a long illness and permanent injury.

■ No testimony appears in the record to the effect that appellant was responsible for this condition. The petition charged that his negligence consisted in leaving the roots of certain teeth in the cavities made by his extractions. It is uncontradicted that the appellee had previously had eight teeth extracted, at least two of them a year prior to the extractions performed by the appellant. The record con-

tains no testimony particularizing the position of the cavities made by the appellant's extractions and placing the broken roots in these particular cavities. The case is thus differentiated from Smith v. McDougall, 65 Ohio App. 152, 29 N.E.2d 441, in which the root which caused the infection was clearly shown to be the root of the tooth alleged to have been negligently extracted. In the instant case the testimony as to this particular point leans in the opposite direction. Appellee's witness, Dr. Askew, refused to testify definitely on this point. He said, "The reason I can't say specifically is because I see the space here, which leads me to believe that the teeth have been out for years." Dr. Haley, appellant's assistant, testified in effect that the root fragments had been there for a long time, more than three months, because of the bone around them. Appellee's witness, Dr. Schell, stated that it was impossible to say how long the fragments had been in the gums, and that he did not know that the appellant was responsible for the fragments being left there.

It is not sufficient to establish responsibility in this case that a general condition of inflammation in the mouth followed by illness be shown. It must appear by sufficient evidence that the infection was due to the leaving of the roots in the cavities made by the appellant's extractions.

It follows that the motions for directed verdict should have been sustained.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.